SAUFLEY, C.J.,
concurring.
[¶ 31] I join fully in the -analysis and outcome of the Court’s opinion. I write separately because the standards applicable to claims of ineffective assistance of counsel have not, historically, been sufficiently clear, and it is worthwhile to emphasize the clarifications addressed by the Court today.[10]
[¶ 32] The original two-pronged analysis of ineffective assistance of counsel claims now presents two potential components within each of its original two prongs. To be clear, however, the trial *1174 judge may begin the analysis at any point that works with the facts of the individual case.
1. Ineffectiveness — The ineffectiveness prong requires the court to examine whether counsel’s representation “fell below an objective standard of reasonableness.”[11] This analysis now encompasses two aspects.
(a) Extreme Ineffectiveness.[12] The court must examine the record and the evidence presented to determine whether the representation was so deficient that the defendant will be relieved of the burden of proving actual prejudice. This “extreme ineffectiveness” analysis may precede other components of the analysis. Although it is devoutly to be hoped that such substantial failure of counsel will rarely be found to exist, the court must engage in this review by the time it has completed its analysis.
(b) Ineffectiveness that Causes Actual Prejudice. Absent a finding of extreme ineffectiveness, the court must determine whether counsel’s conduct constituted ineffectiveness that resulted in “actual” prejudice. Because this determination of ineffectiveness will be necessary only if the petitioner demonstrates actual prejudice, it is often the last part of the analysis. Thus a court is fully warranted in moving to the question of actual prejudice before addressing this subpart.
2. Actual Prejudice — As the Court has clarified today, actual prejudice can be demonstrated in two different ways.
(a) Reasonable Probability Test. To demonstrate actual prejudice, the petitioner must demonstrate a “reasonable probability” that the result would have been different but for counsel’s unprofessional errors, meaning that “counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland v. Washington, 466 U.S. 668, 686, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, the court must determine whether the ineffective assistance of counsel compromised the reliability of the conviction and undermined confidence in it.
To prevail, the “defendant need not show that counsel’s deficient conduct more likely than not altered the outcome in the case.” Id. at 693, 104 S.Ct. 2052. If the court finds that the reliability of the conviction and the court’s confidence in that conviction have been compromised, it must assure that it has completed its analysis of the ineffective assistance prong because, once again, prejudice that is unrelated to the claimed ineffective assistance of counsel does not fall within this analysis.[13]
(b) Outcome Determinative Test. The outcome determinative test is in essence a specific application of the reasonable probability test. In many instances, if the petitioner demonstrates by a preponderance of the evi *1175 dence that counsel’s alleged deficient representation altered the outcome of the case, the court need go no further with regard to the determination of prejudice because, by definition, the petitioner has proved that the result is unreliable.[14] Prejudice has been proved, as long as the court has found deficiency in representation.
To be clear, a petitioner may prevail in demonstrating actual prejudice by meeting the outcome determinative test, but the petitioner need not meet this test to prevail on the reasonable probability test.
[¶ 3B] With the Court’s careful clarification today on this last point and the trial court’s reference solely to the outcome determinative test, it is appropriate for us to remand the matter to the trial court for application of the law as it relates to actual prejudice. Thus, I cannot join the dissent’s approach because it usurps the authority of the trial court to make the determination in the first instance.

. In the matter before us, the trial court did not have the benefit of the clarified analysis of the jurisprudence provided in the Court’s opinion today.

. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Because a finding of extreme ineffectiveness eliminates the requirement of proof of actual prejudice, it is sometimes considered a part of the prejudice prong.

. Although there may be other remedies for the petitioner, claims of ineffective assistance of counsel are distinct and should not be blurred with others analytically.

. But see Court's Opinion 11 21 n.5.